UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CHARLES MAYO HENSON**                                                                             **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 4:20-CV-P194-JHM**

**JACK JONES** *et al.*                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought by Plaintiff Charles Mayo Henson pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the amended complaint[1] (DN 12) pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff is incarcerated at the Daviess County Detention Center (DCDC). He brings suit against the DCDC and the following DCDC officials – Major Deputy Jack Jones, Jailer Art Maglinger, Chaplin Emil Herzog, and Deputy Joni Barnett. Plaintiff sues these Defendants in both their official and individual capacities.

Plaintiff alleges that on November 1, 2020, he requested to be put on a kosher diet "due to my religion." In response, Plaintiff states that he was told that "your religion does not match the kosher diet." Plaintiff states that he then informed DCDC officials that "my religion is none of your business." Plaintiff alleges that in response to this statement he was informed that an inmate can only change his religion every four months. Plaintiff states that he is being denied the opportunity to practice his religion and that he is "being forced to eat trays that does not []

---

[1] Plaintiff received a notice of deficiency instructing him to sign the original complaint. Instead, he filed and signed an amended complaint.

my religious preference." Plaintiff states that "Leviticus Chapter 11" and "1 Corinthians 8:13" validate his complaint.

As relief, Plaintiff seeks damages and injunctive relief.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tenn.*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th

3

Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act (RLUIPA) prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a).

Here, Plaintiff does not identify his religion, nor does he show a sincerely held religious belief that requires him to eat only kosher meals. His First Amendment claim, therefore, fails. Plaintiff's RLUIPA claim also fails because he has not explained what his religion is and how the denial of a kosher diet substantially burdens his exercise.

## IV.

For the foregoing reasons, the Court will enter a separate Order dismissing this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: July 21, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.011